IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:25-CV-931-M

| | | |
|---|---|---|
| JENNIFER ANTONETTE WEBSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN DOE, | ) | |
| *a/k/a BenedictArnold, a/k/a POTC,* | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's motion for leave to serve a third-party subpoena prior to conducting the Rule 26(f) conference. [DE-8]. For the reasons that follow, the motion is allowed.

Plaintiff's complaint alleges that the John Doe Defendant, an OnlyFans subscriber, violated the Digital Millennium Copyright Act under 17 U.S.C. § 1202, *et. seq.* by screenshotting Plaintiff's protected visual works that she published on OnlyFans and republishing them on a publicly available website with their copyright management information removed. Compl. [DE-1]; Mot. [DE-9] at 1. Plaintiff identified Defendant's OnlyFans username and account number, but OnlyFans declined to release the identity of their subscriber without a court order or subpoena. Mot. [DE-9] at 1–2. Plaintiff asks the court for leave to serve a third-party subpoena prior to conducting the Rule 26(f) conference in order to identify the Defendant. *Id.* at 3.

A party generally may not seek discovery prior to conducting the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). The rule does, however, provide for exceptions, and early discovery may be had when authorized by a court order. *Id.* In evaluating requests for expedited discovery, "[c]ourts in this district generally have opted to follow the reasonableness inquiry, guided by whether the moving

party shows good cause." *Fuller v. Dixon*, No. 7:21-CV-40-D, 2021 WL 3909659, at *3 (E.D.N.C. Aug. 31, 2021) (citations omitted). Courts have allowed early discovery in order to identify a Doe defendant known only by an IP address. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 3:25-CV-00380-MOC-SCR, 2025 WL 1707835, at *1 (W.D.N.C. June 17, 2025) ("Courts routinely find good cause to grant leave for limited pre-conference discovery to plaintiffs seeking copyright enforcement against defendants known only by IP addresses cross-referenced with relevant dates and times.") (citing *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 7 (D.D.C. 2008); *LaFace Recs., LLC v. Does 1-5*, No. 2:07-CV-187, 2007 WL 2867351, at *1 (W.D. Mich. Sept. 27, 2007) (collecting cases where courts have found good cause to permit early or expedited discovery under similar circumstances)). Plaintiff has alleged a copyright claim and seeks to serve only a limited subpoena to obtain identification information in order to pursue the claim, the burden of responding to this narrow subpoena appears minimal, and it is not apparent that the information can be obtained in another way. Accordingly, Plaintiff has shown good cause to allow early discovery where the information sought is necessary for the litigation to proceed. Accordingly, Plaintiff's motion for leave to serve a third-party subpoena prior to conducting the Rule 26(f) conference is allowed.

SO ORDERED, this the **22** day of July, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge